UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Norman Williams, Jr.<br><br>       Plaintiff,<br><br>vs.<br><br>Stephen Young, Florence Police Officer;<br>Judge Charlene Hewitt, Florence Municipal Court;<br>Judge Hicks Harwell, Twelfth Judicial Circuit;<br>Deputy Wesley Neville, Florence County Sheriff's Dept;<br>Judge Paul Burch, Twelfth Judicial Circuit;<br>Robert N. Wells, Attorney of South Carolina;<br>Todd S. Tucker, Public Defender Office; and<br>John Doe, FPD Record Section;<br><br>       Defendants. | C/A No. 4:14-2054-MGL-TER<br><br>REPORT AND RECOMMENDATION |

  The plaintiff, Norman Williams, Jr. ("Plaintiff"), a self-represented litigant, brings this action pursuant to 42 U.S.C.A. § 1983. (Doc. # 1). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Having reviewed the complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

  In his complaint, Plaintiff asserts that the Defendants "violated my civil rights by allowing [me] to plead guilty to a felony rather than a misdemeanor." (Doc. # 1). Plaintiff requests that this court vacate his underlying conviction, and award him monetary damages. ( Id. at 3.)

## DISCUSSION

  Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, see id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d

1

163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) ( "Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

## ANALYSIS

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983

allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

> Section 1983 provides, in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...
>
> 42 U.S.C. § 1983.

To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted).  As an initial matter, a number of the Defendants named by Plaintiff are entitled to immunity from suit.[1]

1.      Judicial Officers

Plaintiff has sued Judge Charlene Hewitt, a now retired municipal court judge for the City of Florence; Judge Hicks Harwell, a deceased, retired circuit court judge for the State of South Carolina, and Judge Paul Burch, an active circuit court judge for the State of South Carolina.  Plaintiff's claims against

---

[1] In addition, this court has the inherent authority to dismiss frivolous complaints, even when the filing fee has been paid. Chong Su Yi v. Soc. Sec. Admin., No. 13–2195, 2014 WL 629513, at * 1 (4th Cir. Feb.19, 2014) (affirming dismissal of factually and legally frivolous claims in a fee-paid pro se case).  In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted. Id. (citing Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181–83 (7th Cir.1989); Franklin v. Or., State Welfare Div., 662 F.2d 1337, 1342–43 (9th Cir.1981)).The defendants are also entitled to summary dismissal because Plaintiff's claims against them are legally frivolous. See Ross v. Baron, No. 12–1272, 2012 WL 3590914, at * 1 (4th Cir. Aug.22, 2012) ("[F]rivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid.").

these judicial officers based on their respective official participation and resulting judicial rulings made in relation to Plaintiff's underlying state court case are barred by the doctrine of absolute judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

McCray v. Maryland, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), overruled on other grounds, Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); Stump v. Sparkman, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Furthermore, to the extent that Plaintiff's complaint seeks injunctive relief against any of the noted judicial officers, such claims are is barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id. (emphasis added).

Since there is no existing declaratory decree involved and no legal basis shown for entry of any declaratory judgment requested in this case, any claims by Plaintiff for injunctive relief against these judicial

officers is statutorily barred. Catanzaro v. Cottone, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); Esensoy v. McMillan, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31, 2007). Defendants Hewitt, Harwell, and Burch are absolutely immune from Plaintiff's claims associated with their judicial rulings in state criminal proceedings. As such, Plaintiff's claims against the judicial defendants are frivolous and subject to summary dismissal. See Evans v. Allbrooks, No. 89–7061, 1989 WL 100776 (4th Cir. Aug.28, 1989) (affirming district court's dismissal of complaint against judges as "wholly frivolous"); see also Edokobi v. Motz, C/A No. DKC–13–3378, 2013 WL 6713290, at *2 (D.Md. Dec.18, 2013) (finding that doctrine of absolute judicial immunity compels dismissal of case under court's inherent authority to ensure case is not frivolous).

2. Deputy Solicitor Robert N. Wells

Plaintiff further alleges a violation of his constitutional rights by the prosecuting attorney in his state criminal proceedings, Deputy Solicitor Robert N. Wells. However, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. See Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); Dababnah v. Keller–Burnside, 208 F.3d 467 (4th Cir.2000). Thus, Plaintiff's claims associated with the prosecution of his criminal charges in state court by Wells are barred from suit under § 1983. Therefore, Plaintiff's allegations against Wells are likewise frivolous and subject to summary dismissal. See Evans, 1989 WL 100776, at *1 (finding district court properly dismissed complaint against prosecutor based on frivolousness); see also Pierce v. Bergamine, C/A No. 5:10–CT–3060–D, 2011 WL 10550591, at *2 (E.D.N.C. Jan.24, 2011) (dismissing claim against prosecutor as frivolous).

3. Attorney Todd S. Tucker

Plaintiff also names his former defense attorney, Todd Tucker, as a defendant in this case for allegedly providing ineffective assistance of counsel during Plaintiff's state criminal proceedings. An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317–24 nn. 8–16, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir.1980)

5

(court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir.1976) (private attorney). Thus, Plaintiff's claims alleging ineffective representation in state court proceedings by Tucker are also frivolous and subject to summary dismissal. See Evans, 1989 WL 100776, at *1 (affirming dismissal of a frivolous claim against an attorney, who was not a state actor and not liable under § 1983); see also Bryant v. North Carolina Prisoner Legal Servs., Inc., Nos. 92–6339, 92–6430, 93–6593, 1993 WL 291448, at *1 (4th Cir. Aug. 2, 1993) (affirming dismissal of frivolous complaint naming an attorney who was not a state actor amenable to suit under § 1983).

4.     Law Enforcement Officials

In large part, Plaintiff's complaint is an attempt to challenge his 1998 conviction for possession of cocaine. This charge arises out of a May 1997 traffic stop by Officer Stephen Young, who is the affiant on the warrant for Plaintiff's arrest. At some point during the ongoing criminal proceedings, Plaintiff failed to appear and a bench warrant was issued, and subsequently executed by Deputy Wesley Neville. Additionally, Plaintiff alleges that Defendant John Doe, with the records section of the Florence Police Department reported his conviction to the FBI.

In his pleadings and attachments, Plaintiff indicates that he pleaded guilty in General Sessions Court and received a sentence of incarceration, the balance of which was suspended upon the payment of a fine to service of a term of probation. Throughout the complaint, Plaintiff attacks his state criminal conviction and asks that this court "vacate the conviction and allow the request for a jury trial." Any claims with regard to these state criminal convictions must fail based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Court stated:

> We hold that, in order to recover damages [or other relief][2] for allegedly

---

[2] See Johnson v. Freeburn, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under Heck v. Humphrey, nature of relief sought is not critical question; rather, it is the grounds for relief); see also Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought); see also Mobley

> unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Until the underlying conviction or sentence has been invalidated, a prisoner "cannot use a § 1983 action to challenge 'the fact or duration of his confinement,' " but 'must seek federal habeas corpus relief (or appropriate state relief) instead.'" Wilkinson v. Dotson, 544 U.S. 74, 78(2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).

Heck does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. Wallace v. Kato, 549 U.S. 384 (2007). However, since this case involves an already completed criminal case and complaints about how the prosecution was conducted, Wallace is inapplicable and Heck controls.  In any event, the limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 Plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. See   Wallace v. Kato, 549 U.S. at 391-92; Benson v. N. J. State Parole Bd., 947 F. Supp. 827, 830 (D. N.J. 1996)(following Heck v. Humphrey and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that

---

v. Tompkins, 473 F. App'x 337, 337 (4th Cir. 2012)(injunctive relief not available under Heck)(citing Clemente v. Allen and other cases).

it might be barred by the relevant statute of limitations."); Snyder v. City of Alexandria, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

The pleadings do not reflect what, if any, steps Plaintiff has already pursued to directly or collaterally challenge his conviction for possession of cocaine, but it appears based on his request for this Court to "vacate" his convictions, that he has not yet been successful in any efforts to overturn the conviction. Because there is no indication in his pleadings that Plaintiff has been successful in having the relevant possession of cocaine conviction set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations of improper activity by the various law enforcement participants if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants based on their involvement in his arrest, prosecution and ultimate conviction at this time. As a result, this case is subject to summary dismissal as to Defendants Young, Neville, and John Doe as to all claims related to Plaintiff's conviction for possession of cocaine.

## CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons set forth here, the court recommends that the complaint in this action be dismissed without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

September 3, 2014
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).