

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NORMAN WILLIAMS, JR., § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:14-2054-MGL-TER |
| § | |
| § | |
| STEPHEN YOUNG, Florence Police Officer; § | |
| JUDGE CHARLENE HEWITT, Florence § | |
| Municipal Court; JUDGE HICKS HARWELL, § | |
| Twelfth Judicial Circuit; DEPUTY WESLEY § | |
| NEVILLE, Florence County Sheriff's Dep't; § | |
| JUDGE PAUL BURCH, Twelfth Judicial § | |
| Circuit; ROBERT N. WELLS, Attorney of § | |
| South Carolina; TODD S. TUCKER, Public § | |
| Defender Office; and JOHN DOE, FPD § | |
| Record Section, § | |
| Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 3, 2014, and the Clerk of Court entered Plaintiff's objections on September 22, 2014. The Court has considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

As the Magistrate Judge recognized, "in large part, Plaintiff's complaint is an attempt to challenge his 1998 conviction for possession of cocaine." Report 6. Each of the defendants is connected in some way–whether large or small–to that conviction. As detailed below, the Magistrate Judge advises that each of the defendants is subject to summary dismissal.

First, the Magistrate Judge recommends that Defendants Hewitt, Harwell and Burch be dismissed from this action on the basis that "Plaintiff's claims against these judicial officers based on their respective official participation and resulting judicial rulings made in relation to Plaintiff's underlying state court case are barred by the doctrine of absolute judicial immunity." Report 3-4. The Magistrate Judge is correct. "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Therefore, dismissal of Defendants Hewitt, Harwell and Burch is indeed proper.

Second, the Magistrate Judge suggests that Plaintiff's claims against Defendant Wells, the prosecuting attorney in the state's action against Plaintiff, be dismissed inasmuch as "prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings." Report 5. The Court agrees. The Fourth Circuit has long held that "a prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'"

2

*Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In other words, absolute immunity is afforded prosecutors when acting 'within the advocate's role.'" *Id*. (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993)).

Third, the Magistrate Judge submits that Defendant Tucker, Plaintiff's former defense attorney, be dismissed from the suit on the basis that "an attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel." *Id*. He is correct. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). As such, the Magistrate Judge was right in recommending dismissal of Defendant Tucker from Plaintiff's suit.

And fourth, the Magistrate Judge proposes that the law enforcement officers, Defendants Young, Neville, and Doe, be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court held in *Heck* that a state prisoner's claim for damages under § 1983 will fail when success on the prisoner's action would necessarily invalidate the conviction and thereby affect the duration of the prisoner's sentence, except when the prisoner can demonstrate that the conviction has been invalidated. *Id*. at 487. Because there is nothing in Plaintiff's submissions to show that he has successfully had his possession of cocaine conviction invalidated, "and because Plaintiff's allegations of improper activity by the various law enforcement participants, if true, would necessarily invalidate his conviction, he cannot sue any of the [law enforcement] Defendants based on their involvement in his arrest, prosecution and ultimate conviction at this time." Report 8. Hence, Defendants Young, Neville, and Doe should be dismissed pursuant to *Heck*.

In Plaintiff's objections to the Report, he generally makes the same arguments that the Magistrate Judge has already considered and rejected. Because the Court agrees with the Magistrate Judge's treatment of these issues, it will not repeat the analysis here.

3

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 25th day of September, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.